In an action by licensed real estate brokers against the owner of real property to recover a commission alleged to have been earned on the sale of said property, the owner served a third-party complaint for judgment over against the person who made a subsequent contract to purchase the property, and his assignee, to which the property was conveyed. At the close of .the plaintiffs’ ease the trial court granted the motion of the defendants to dismiss the complaint and granted without prejudice the motion of the third-party defendant to dismiss the third-party complaint. Plaintiffs appeal from so much of the judgment entered thereon as dismissed their complaint. Judgment insofar as appealed from reversed, with costs to appellants to abide the event, and a new trial granted as to the issues raised by the complaint and the answer. The proof adduced by appellants was sufficient to establish a prima facie case. The jury would be entitled to find that appellant Cohen had been authorized by Brussel, respondent’s representative, in March, 1951 to find a buyer for its building. Respondent employed appellant Cohen to submit any definite proposal, with a commission to be earned by Cohen, if title closed with a purchaser obtained by him. Appellant Machat, Cohen’s eoplaintiff in this action, had found a prospective purchaser, and he joined with Cohen in endeavoring to consummate a sale. In September, 1951 Machat, at the instance of Brussel, also signed the employment agreement. In September, 1951 appellants gave Brussel the name of their client, Zacharia, and informed Brussel that the agent and attorney for Zacharia was one Shure. Shure and Brussel had offices in the same building. Both appellants had talks with Zacharia and his agent Shure as to purchase of the building. Appellants told Shure that Brussel was the respondent’s representative. In November, 1951 a written proposal by Cohen on behalf of Zacharia, naming him as Zacharas, was made to Brussel, who thereafter rejected it. Shure told Cohen not to lose the deal and after further negotiations and an increased offer by Shure to Cohen, Cohen advised Brussel in December, 1951 that he thought his people were ready for the deal. On December 6,1951 Cohen put in writing an offer of Zacharia, spelled therein as *1010 Zacharis, to Brussel which was in accordance with the price demanded by-respondent. There then remained only the terms of a purchase-money mortgage. At this juncture Shure demanded half of the commission from appellants. When this demand was refused, Shure temporized as to the date for the making of a contract. Appellants were unable thereafter to see or speak with Shure although they “chased after” him until January, 1953 and did not learn until 1954 that respondent in April, 1952 had contracted to sell the building on substantially the same terms, to their prospect. Upon conveyance to a nominee of Zacharia in August, 1952 a new broker received from respondent a commission of $33,hOO in three checks, one of which for $5,000 he indorsed to Brussel’s law firm and another of which for $22,500 he indorsed to Shure, who in turn indorsed it to the nominee of Zacharia. The question here is whether appellants had procured Zacharia. The foregoing salient facts would warrant the jury in determining that appellants had done so. On analogous facts it has been held that a jury question, at least, was presented (see Salzano v. Pellillo, 4 A D 2d 789).
Nolan, P. J., Murphy and Kleinfeld, JJ., concur; Wenzel and Beldock, JJ., dissent and vote to affirm.